UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD MARTINEZ,

       Plaintiff,

  -against-            24-CV-0448 (LTS)

1906-08 AMETHYST CONSTRUCTION     ORDER
CORP.,

       Defendant.

LAURA TAYLOR SWAIN, United States District Judge:

  Plaintiff filed this action *pro se*. On May 3, 2024, the Court received a letter from Plaintiff requesting voluntary dismissal of this action, "based on an agreement between Plaintiff and" Defendant. (ECF 6.) By order dated May 7, 2024, based on Plaintiff's letter, the Court dismissed this action without prejudice, and directed the Clerk of Court to close this case. (ECF 7.)

  Approximately eight months later, on January 7, 2025, Plaintiff submitted to the Court a "Request to Restore and Reconsider Reopening the Case on the Calendar," in which he alleges that Defendant failed to comply with the agreement. (ECF 8.) He subsequently filed letters, two motions for a default judgment, and an affirmation. (ECF 8-14.)

  The Court liberally construes the "Request to Restore" as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

  Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Here, Plaintiff alleges that Defendant, his landlord, did not comply with their agreement. The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

Insofar as Plaintiff seeks relief Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief. *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). This action was dismissed without prejudice, and Plaintiff fails to show adequate justification for reopening this closed action.

## CONCLUSION

Plaintiff's motion for reconsideration, and the other pending motions, are denied, and the Clerk of Court is directed to terminate them. (ECF 8, 10, 14.) The Clerk of Court is directed to terminate all motions in this action. This matter remains closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 16, 2025
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge